JaVonne M. Phillips, Esq. SBN 187474
Merdaud Jafarnia, Esq. SBN 217262
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (619) 685-4800 Ext. 1521
Fax (619) 685-4810
mjafarnia@mccarthyholthus.com

Attorney for: Secured Creditor,
Wells Fargo Bank, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>Robert Alexi Rojas,<br><br>      Debtor. | ) Case No. 13-45382 WJL<br>)<br>) Chapter 13<br>)<br>) RS No. MJ-10762<br>)<br>) **MEMORANDUM OF POINTS AND**<br>) **AUTHORITIES IN SUPPORT OF**<br>) **MOTION FOR RELIEF FROM**<br>) **AUTOMATIC STAY**<br>)<br>)<br>) Date: 09/13/2017<br>) Time: 09:30AM<br>) Ctrm: 220<br>) Place: 1300 Clay Street<br>)       Oakland, CA<br>)<br>)<br>) |

1        File No. CA-17-136339
Memorandum of Points and Authorities in Support of Motion for Relief, Case No. 13-45382 WJL
Case: 13-45382    Doc# 29-1    Filed: 08/17/17    Entered: 08/17/17 15:34:42    Page 1 of 3

Wells Fargo Bank, N.A., its assignees and/or successors in interest ("Secured Creditor" or "Movant" herein), by and through its undersigned attorney, moves for termination of all stays and injunctions, pursuant to 11 U.S.C. §§ 362(d) and 105 and Federal Rules of Bankruptcy Procedure 4001 and 9014 and regarding the real property generally described as 475 Christine Drive, San Pablo, CA 94806, ("Property" herein).

The relief requested in this Motion is proper for all of the reasons set forth in the Memorandum of Points and Authorities and incorporated herein by this reference.

On or about 09/24/2013, Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code. Pursuant to 11 U.S.C. §362, the Petition stays the commencement or continuation of any proceedings against the Debtor or any act to obtain possession of any property of the Debtor or to enforce any lien against any property of the Debtor. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014.

Pursuant to 11 U.S.C. § 362(d)(1), Movant is entitled to relief from the automatic stay to enforce its lien for cause, including lack of adequate protection of any interest in the property. Failure to make mortgage payments in a Chapter 13 can constitute cause for lifting the stay. The debtor has the burden of showing there is no cause to terminate the stay. In re Ellis, 60 B.R. 432 (9th Cir. BAP 1985). Where cause is shown, courts have no discretion, but must grant relief. In re Ford, 36 B.R. 501 (Dt 1983). Movant is not receiving regular monthly post-petition payments. Debtor is currently post-petition due for 06/01/2017.

As of 08/11/2017, the amount required to fully reinstate the Debtor's loan post-petition is approximately $4,414.88, itemized as follows:

| | | | | |
|---|---|---|---|---|
| Monthly Payments: (06/01/17 through 08/01/17) | 3 | at $1,529.48 | $ | 4,588.44 |
| Suspense: | | | $ | (173.56) |
| **Total Delinquencies:** | | | **$** | **4,414.88** |

The next scheduled monthly payment of $1,529.48 is due 09/01/2017, and continuing each month thereafter. However, this amount may be subject to change pursuant to the terms of the applicable loan documents.

Movant is not adequately protected. Movant is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. § 362(d)(1).

Dated: August 17, 2017                McCarthy & Holthus, LLP

                                      By: /s/ Merdaud Jafarnia
                                          Merdaud Jafarnia, Esq.
                                          Attorneys for Secured Creditor
                                          Wells Fargo Bank, N.A.